# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT S. HARRY, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH CREDIT SERVICES, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv2289-LAB (BGS)<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 3];**<br><br>**ORDER RE: SERVICE** |

Plaintiffs Herbert and Karen Harry originally brought this suit in San Diego County Superior Court on October 23, 2019. Their complaint alleges various causes of action against the defendants—all financial-services companies—related to the servicing and refinancing of Plaintiffs' mortgage. On December 2, 2019, Defendant PHH Mortgage removed the case to this Court and then moved to dismiss Plaintiffs' complaint. A hearing on that motion was set for February 3, 2020. Plaintiffs did not file a timely opposition to PHH's motion, so, on January 28, 2020, the Court vacated the hearing and instructed Plaintiffs to file an opposition (or notice of non-opposition) within one week. The Court specifically cautioned that "[f]ailure to file an opposition will be deemed consent to the motion being granted." See L.R. 7.1(f)(3)(C). The time for Plaintiffs to file an opposition has (again) come and gone, but they still have not filed an opposition. As such, PHH Mortgage's Motion to Dismiss is **GRANTED** and Plaintiffs' claims against PHH Mortgage are **DISMISSED WITH PREJUDICE**. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.

1995) (affirming a district court's decision to dismiss with prejudice a pro se plaintiff's claims where, despite being "given ample time to respond," that plaintiff failed to timely respond to a motion to dismiss.").

The Court also cautions that the time for Plaintiffs to properly serve the remaining Defendants is running out. A review of the dockets—both from this Court and the state court—suggests that Plaintiffs have not yet served any defendant other than PHH Mortgage. The time for service restarts upon removal, which means that Plaintiffs have until March 1, 2019 to properly serve the remaining defendants. *See* Fed. R. Civ. P. 4(m); *Workman v. Bissessar*, 275 F. Supp. 3d 263, 269 (D.D.C. 2017) ("[T]he time to effect service specified in [Rule] 4(m) starts to run upon removal to the federal district court, not the date the action was originated in state court.) (quotation marks omitted). If the remaining defendants are not served by that date, this Court will dismiss any non-served defendants without prejudice.

**IT IS SO ORDERED**.

Dated: February 10, 2020

**Hon. Larry Alan Burns**
Chief United States District Judge